**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JEFFREY BOOKER** | § | |
| **AND MAUREEN BOOKER,** | § | |
| **PLAINTIFFS,** | § | |
| | § | |
| **V.** | § | **CIVIL CASE NO. 3:19-CV-2101-G-BK** |
| | § | |
| **CARRINGTON MORTGAGE SERVICES,** | § | |
| **DEFENDANT.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636 and *Special Order 3*, Defendant's *Motion for Judgment on the Pleadings,* Doc. 5, is before the Court for findings and a recommended disposition.  For the reasons that follow, the motion should be **GRANTED**.

## I.    BACKGROUND

In August 2019, Plaintiffs filed in state court an *Emergency Ex Parte Application and Verified Petition for Temporary Restraining Order and Temporary Injunction*, seeking to forestall Defendant's foreclosure of their home and alleging violations of various state and federal laws.  *See* Doc. 1-2 at 3-7 (asserting gross negligence, violations of section 51 of the Texas Property Code, the Real Estate Settlement Procedures Act, the Texas Debt Collection Act, the Dodd-Frank Act, and the Texas Deceptive Trade Practices Act, and seeking to quiet title).  The state court found that it clearly appeared from the facts set forth in Plaintiffs' petition that they were not entitled to emergency injunctive relief and denied their request.  Doc. 1-4 at 2-3.  Four days later, Plaintiff Jeffrey Booker filed for chapter 13 bankruptcy.  *See In re Booker*, No. 19-32646, Doc. # 1 (Bankr. N.D. Tex. Aug. 6, 2019).  The bankruptcy court dismissed the case without prejudice 20 days later when Booker failed to submit numerous required documents.  *Id.* at Doc. # 27.

Shortly thereafter, Defendant removed the instant case to this Court based on federal question jurisdiction, Doc. 1 at 2, and filed this dismissal motion pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Doc. 5. When Plaintiffs failed to file a response, the Court issued an order directing them to do so by November 22, 2019 if they were opposed to the dismissal of their case. Doc. 8. Plaintiffs did not comply with the order.[1]

## II.   APPLICABLE LAW

Rule 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quotation omitted). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* (quotation omitted). The court must construe pleadings liberally, and judgment thereon is only appropriate if there are no disputed issues of fact and only questions of law remain. *Id.* In analyzing the plaintiff's complaint, the Court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Id.* at 312-13. The pleading standard for a Rule 12(c) motion is the same as for a motion to dismiss under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

---

[1] As will be discussed in more detail below, this case marks at least Plaintiffs' third attempt in recent years to avoid foreclosure. *See Booker v. Carrington Mtg. Serv.*, No. 3:18-CV-507-M-BK ("*Booker II*"), Doc. 1-2 at 2-9 (Plaintiffs' state court petition); *Booker v. Bank of Am., NA*, No. 3:16-CV-02871-C-BH ("*Booker I*"), Doc. 1-1 at 7 (Plaintiffs' state court petition). Both of their prior cases were dismissed with prejudice.

## III.  ANALYSIS

Defendant asserts that the doctrine of res judicata bars Plaintiffs' claims, and that they also fail on the merits.  Doc. 6 at 10-20.  It is only necessary to address the former point.  Because the relevant prior judgments were entered by the federal district court, the effect of those judgments is controlled by federal res judicata rules.  *Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.*, 870 F.2d 1044, 1045 (5th Cir. 1989).  To that end, application of the federal common law doctrine of res judicata requires that: (1) the parties were identical in the two actions or the non-party's interests were adequately represented by a party to the prior action; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there was a final judgment on the merits; and (4) the same cause of action was involved in both cases.  *Eubanks v. F.D.I.C.*, 977 F.2d 166, 169-70 (5th Cir. 1992).

In both *Booker I* and *Booker II*, either one or both of the current Plaintiffs were parties to the litigation.  *See* Doc. 7-1 at 1-9 (*Booker I* petition filed by Jeffrey Booker); Doc. 7-1 at 34-41 (*Booker II* petition filed by both Plaintiffs against Defendant, Bank of America's successor-in-interest).  Both prior final judgments were rendered on the merits by district judges of the United States District Court for the Northern District of Texas, which is clearly a court of competent jurisdiction.  *See* Doc. 7-1 at 33 (*Booker I* judgment of dismissal with prejudice signed by Hon. Sam R. Cummings ); Doc. 7-1 at 51 (*Booker II* judgment of dismissal with prejudice signed by Hon. Barbara M.G. Lynn). Finally, the same causes of action are involved in the present case as were brought in *Booker I* and *Booker II*.  *Cf.* Doc. 7-1 at 3-7 (*Booker I* petition alleging, *inter alia*, wrongful foreclosure, violations of section 51 of the Texas Property Code, the TDCA, TDTPA, and the Dodd-Frank Act) *and* Doc. 7-1 at 34-38 (*Booker II* petition alleging gross negligence, violations of section 51 of the Texas Property Code, RESPA, TDCA, the Dodd-Frank Act, and TDTPA and seeking to quiet title) *with*

Doc. 1-2 at 3-6 (instant petition alleging gross negligence, violations of section 51 of the Texas Property Code, RESPA, TDCA, the Dodd-Frank Act, and TDTPA and seeking to quiet title). Accordingly, all of the requirements for the application of res judicata have been met and Defendant is entitled to dismissal of this action with prejudice. *Eubanks*, 977 F.2d at 169-70.

## IV.    SANCTIONS WARNING

The Court dismissed *Booker II* with prejudice pursuant to Rule 41(b) as a sanction due to Plaintiffs' willful failure to respond to Court directives and their complete neglect of their case. *See* Doc. 7-1 at 46-48. In light of Plaintiffs' history of abusing the court system to avoid the foreclosure of their property, they should be warned that if they persist in filing frivolous actions — whether those actions are removed from state court or filed in this Court in the first instance — either or both Plaintiffs may be subject to additional sanctions, including monetary penalties and restrictions on their privilege to file civil actions in the future. *See Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986) (holding that *pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.").

## V.    CONCLUSION

For the reasons discussed, Defendant's *Motion for Judgment on the Pleadings*, Doc. 5, should be **GRANTED** and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on May 5, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

4

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).